UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

ESTHER M. BEARDSLEY,

        Plaintiff,

        v.                                         Case No. 07-C-0776

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT (DOC. # 23)

Esther M. Beardsley sought judicial review of the decision of the Commissioner of Social Security denying her disability insurance benefits. That decision was reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g). As the prevailing party, Beardsley moved for an award of attorney's fees in accordance with the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

Under the EAJA, a prevailing party in litigation against the federal government is entitled to attorney's fees if: (1) the government's pre-litigation or litigation positions were not substantially justified; (2) no special circumstances exist that would make an award unjust; and (3) the request is timely filed with the district court. *Cunningham v. Barnhart*, 440 F.3d 862, 863 (7th Cir. 2006). Here, the Commissioner concedes that these requisites are met; however, he requests that the court reduce Beardsley's award of EAJA fees from what she requests. Thus, the question before the court is whether Beardsley's fee request is reasonable.

A plaintiff bears the burden of proving the reasonableness of the time worked and the hourly rate claimed under the EAJA. 28 U.S.C. § 2412(d)(1)(B); *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Yet, the court should not arbitrarily reduce the hours requested and should make a determination of reasonableness based upon the facts in the case. *See Bryan v. Astrue*, No. 08-CV-5472, 2010 WL 438384, *1 (N.D. Ill. Feb. 8, 2010) (citing *Heiar v. Crawford County*, 746 F.2d 1190, 1204 (7th Cir. 1984)); *see also Smith v. Great Am. Restaurants, Inc.*, 969 F.2d 430, 439 (7th Cir. 1992).

In this matter, Beardsley seeks $8,942.63 for 72.62 hours billed—17.45 hours billed by attorneys Frederick Daley, Marcie Goldbloom, and Thomas Bush, and 55.17 hours billed by law clerks Suzanne Blaz, Jessica Schultz, and Helena Livitz.[1] Plaintiff has provided itemized billing statements and materials supporting her request. The Commissioner does not oppose plaintiff's requested attorney hourly rates, which appear to be reasonable and in line with other awards in this district. However, he challenges the amount of time billed and the rates charged for law clerk services.

The Commissioner contends that Beardsley has not shown that the law clerk billings reflect appropriate billing judgment and that the use of such time in Beardsley's case failed to reduce litigation costs. (Def.'s Resp. at 3-4.) Moreover, he asserts that

---

[1] This includes hours spent beginning in 2007. The hours billed by attorneys Daley, Goldbloom, and Bush include 8.35 hours at $165.00 per hour in 2007, 3.95 hours at $170.00 per hour in 2008, and 5.15 hours at $172.50 in 2009 and 2010. The 53.17 hours billed by law clerks include 19.52 hours billed at $125.00 for the law clerk with a law degree and 35.65 hours at $100.00 billed by law clerks without law degrees. (*See* Pl.'s Reply at 6 & nn. 3 & 4.)

Although the billing records indicate only 68.62 hours billed by attorneys and law clerks (Pl.'s Br. Ex. C), counsel indicates that law clerk Blaz spent an additional hour preparing the EAJA petition and two hours preparing the reply brief, and attorney Daley spent an additional hour reviewing the response of the United States to the fee petition and reviewing and editing the reply brief. The additional four hours bring the total hours to 72.62.

2

Beardsley's attorneys and staff spent an unreasonable amount of time working on her case. (*Id.*)

The Commissioner's largest concern seems to be regarding the initial stages of the case, at which point law clerk Schultz worked on the first brief for 20.65 hours, which was followed by 13.47 hours of editing by both attorney Daley and law clerk Blaz. (*See id.* at 4.) According to the Commissioner, such time was unreasonable because Beardsley's initial brief was "only" twenty-nine pages long and was one "that would be considered routine for a law firm like Daley, DeBofsky & Bryant, who specializes in social security disability work." (*Id.*) The Commissioner also expresses concern regarding 6.9 hours billed for a five-page merits reply brief. (*Id.*)

Beardsley responds that if Attorney Daley needed to perform the tasks that the law clerks accomplished "the fee would have been greater than all of [the law clerk's] time" that was billed. (Pl.'s Reply at 4.) In addition, Beardsley asserts that despite the Commissioner's suggestions there was no overlap in the work completed by her attorneys and law clerks. (*Id*. at 2.)

The court concludes that the time billed for law clerk assistance in preparing this case cannot be called unnecessary. There was a substantial cost savings by counsel's use of law clerks in addition to attorneys in preparing the case. Had all services been completed by attorneys, their higher rate would have offset much of any reduction in total hours billed for all work. Also, it was reasonable for the attorneys to use law clerks to assist with initial drafting and thereafter review and edit that work. This process is not necessarily duplicative, but some duplication is not unusual. *See, e.g., Lauer v. Astrue*, No. 08-CV-831, 2010 WL 724433, *2 (E.D. Wis. Feb. 26, 2010) (Goodstein, M.J.) ("As the

3

senior attorney in the firm, it is certainly appropriate for Daley to confer with his less experienced associates in establishing their strategy for prosecuting the case. It is also incumbent upon Daley to review the work of his associates, edit it when necessary, in order to make certain that the product that leaves the office is of the highest quality."); *Smith v. Barnhart*, No. 05-CV-0026, 2006 U.S. Dist. LEXIS 61078, *19-*20 (W.D. Wis. Aug. 23, 2006) (Crabb, J.) (noting that nearly 65 hours spent briefing in a detailed, thorough manner were "not unreasonable, even for a law firm as experienced in social security matters as the Daley firm"); *Nickola v. Barnhart,* No. 03-CV-622, 2004 WL 2713075, *1 (W.D. Wis. Nov. 24, 2004) (Crabb, J.) ("I agree that there appears to be some overlap in the work performed by the attorneys and law clerks. However, I do not find that to be a basis for reducing the fee award."). Further, this case involved a 566-page transcript that had to be reviewed; utilization of law clerks for such review and written discussion of the medical evidence and preparation of background sections of Beardsley's brief was reasonable. (*See* Pl.'s Br. Ex. C at 2.)

Though the Commissioner argues it was unreasonable for Beardsley's counsel to charge $100 per hour for a law clerk's service, the $100 rate is still substantially less than what attorney Daley would have charged for his services. Simply because the Commissioner believes the rate to be unreasonable does not make it so. *See Santino v. Astrue*, No. __, 2009 U.S. Dist. LEXIS 33723, *11 (N.D. Ind. 2009) ("It seems only prudent and cost effective to use law clerks and paralegals, especially given their reduced hourly rate, in handling cases that require substantial legal research and writing."). Therefore, with due regard for the nature and substance of the work that was done in this matter, the

4

court concludes that the rates charged for the services of the law clerks ($100.00 and $125.00) are reasonable.

The court is also persuaded that the time spent by plaintiff's counsel on this case in its initial stages was reasonable. "The district court has considerable discretion to determine what constitutes a reasonable rate and a reasonable number of hours under the circumstances at hand." *Berberena v. Coler*, 753 F.2d 629, 632 (7th Cir. 1985). As plaintiff notes, her attorneys "obtained this case at the District Court level, and had to have a clerk review the whole file and perform a detailed analysis and craft arguments for the first time regarding this case." (Pl.'s Reply at 4.) Counsel needed to be familiar with the facts of the particular case, analyze the relevant materials, and to craft thoughtful legal argument. Again, this case involved a 566-page transcript that had to be reviewed. In addition, the twenty-nine page brief was actually longer than the court's initial page limitation of fifteen—the court granted permission for additional pages because of the nature of the case. The Commissioner provides little support for his contentions that the use of law clerks failed to defray litigation costs and that Beardsley's counsel took an unreasonable amount of time to complete her briefs. Thus, upon review of the record, the hours worked were reasonable and an award of attorneys fees is appropriate.

Additionally, the Commissioner asks that any award of attorney's fees not be paid directly to Beardsley's attorney. (Def.'s Resp. at 4.) Instead, he believes an award should be paid to Beardsley. However, the authority cited by the Commissioner fails to support his position fully. In *Astrue v. Ratliff*, the Supreme Court held that an EAJA award of attorney's fees is payable to the litigant rather than counsel and can be used to offset the litigant's pre-existing debt to the United States. 560 U.S. ___, ___, 130 S. Ct. 2521,

5

2524, 2529 (2010). In other words, an EAJA award belongs to the litigant first, not the attorney. However, the Court did not state that the United States must never pay fees to counsel. The *Ratliff* Court noted that previously the United States had previously paid EAJA fees directly to attorneys and (as of the date of the *Ratliff* decision in February 2010) had continued that practice in cases where the plaintiff owed no debt and assigned the right to receive the fees to the attorney. *Id*. at 2528-29. A valid contractual assignment does not need to be ignored under *Ratliff*'s narrower holding. If the plaintiff does *not* owe an outstanding government debt and has validly assigned her rights to payment, it appears that the contractual assignment can be followed.

In the case at bar, Beardsley executed an assignment of EAJA fees to her attorney, Thomas Bush. (Pl.'s Br. Ex. H.) Nothing suggests that Beardsley has an outstanding government debt that predates the awarding of EAJA fees in this case. Moreover, Beardsley's counsel asserted that there was no such debt when the fee request was filed. (Pl.'s Br. at 7 n.3.) Therefore,

IT IS ORDERED that the plaintiff's application for attorney's fees under the Equal Access to Justice Act (Doc. 23) is granted in the total amount of $8,942.63.

IT IS FURTHER ORDERED that such fee is payable to plaintiff's counsel, Thomas E. Bush, provided that Beardsley does not have any outstanding debt to the United States predating this court's approval of EAJA fees.

Dated at Milwaukee, Wisconsin, this 15th day of August, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE

6